Ezequiel MATA, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.

No. 03–17374.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Oct. 31, 2005.

---

Mark Ross Caldwell, Esq., Caldwell & Ober PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Geralyn A. Gulseth, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: TROTT and RYMER, Circuit

Judges, and PLAGER,* Senior Circuit Judge.

## MEMORANDUM**

Ezequiel Mata appeals the district court's judgment granting summary judgment in favor of the Commissioner.[1] We affirm.

### I

 The Administrative Law Judge (ALJ) engaged in a sufficient inquiry regarding Dr. Geary's evaluative process to satisfy the ALJ's duty fully and fairly to develop the record, ensure that the claimant's interests are considered, and resolve doubts regarding ambiguous evidence by conducting an appropriate inquiry. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001). The ALJ did not err in considering Dr. Geary's report, as the opinions Dr. Geary expressed were his own even though he relied on test and interview data gathered by a Spanish-speaking psychometrician. *See* 20 C.F.R. §§ 404.1519g, 404.1519j, 416.919g, 416.919j.

### II

The ALJ was entitled to rely on the opinions of Drs. Drink water and Geary as substantial evidence that Mata was not permanently disabled because their opinions were based upon independent clinical findings that contradicted the opinions of Drs. Arik and Bencomo. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989).

---

* The Honorable S. Jay Plager, Senior Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

### III

The ALJ provided clear and convincing reasons for discounting Mata's credibility, including the fact that Mata's reported symptoms were not supported by objective medical evidence, that examining physicians noted inconsistencies in Mata's self-reported symptoms and questioned whether he was malingering, and that Mata frequently failed to pursue appropriate treatment or comply with his physicians' treatment and instructions. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir.1989).

AFFIRMED.

courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Neither Mata nor the Commissioner appeals the district court's order remanding for a determination of vocational ability.